UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

                                                                                DECISION AND ORDER

                                                                                13-CR-6089L
                                                                                14-CV-6093L

                                      v.

MOHAMMAD ABDELDAYEM,

                                      Defendant.
_____

       Defendant Mohammad Abdeldayem ("defendant") has filed a motion, *pro se*, to vacate and set aside the judgment against him in this case, pursuant to 28 U.S.C. §2255.  (Dkt. #183, appended at Dkt. #185).  The basis for the motion is defendant's contention that he was provided with ineffective assistance of counsel, and that the Government failed to provide him with notice pursuant to 21 U.S.C. §851 that it intended to seek a sentencing enhancement based on defendant's prior drug conviction.

       I have reviewed defendant's submissions in detail, as well as the Government's response in opposition.  Because the defendant has failed to establish any constitutional violation, the motion to vacate is denied in all respects.

**PROCEDURAL HISTORY**

On August 1, 2013, defendant pleaded guilty before this Court to a one-count felony information charging him with conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. §846. (Dkt. #176). As part of his written plea, defendant waived his right to appeal and collaterally attack any part of a resulting sentence within or below the sentencing range. (Dkt. #175). Earlier the same day, the Government filed an information pursuant to 21 U.S.C. §851 (Dkt. #173), advising that the defendant's prior drug conviction subjected him to enhanced penalties.

At the plea colloquy, the Court confirmed with the defendant that he had been informed of the charge against him, agreed to the facts supporting it, understood the agreement and the consequences of his guilty plea, and that the plea was voluntary. The Court also specifically referred to the Government's 21 U.S.C. §851 filing and clarified with the defendant that he understood, *prior to his execution of the plea agreement*, that the government intended to rely upon it as the basis for the imposition of an increased sentence. (Dkt. #190-1 at 16-18). At no time during the plea colloquy or during the three-month lapse between defendant's plea and his sentencing, did defendant ever suggest to the Court or counsel that he wished to challenge the introduction of his prior conviction, nor can he claim that the enhancement that resulted, which was detailed in his plea agreement (Dkt. #175 at 2), the information itself (Dkt. #174), the Government's statement with respect to sentencing factors (Dkt. #177) and its presentence report (Dkt. #182 at ¶12), was a surprise. To the extent defendant claims that the information (Dkt. #174) was not filed prior to his plea (Dkt. #175, #176), the order of their appearance on the

docket and the transcript of the plea colloquy, in which the Court specifically references the information (Dkt. #190-1 at 16:10-13), indicate otherwise.

Defendant also seeks to set aside the verdict on the grounds that he received ineffective assistance of counsel, due to counsel's failure to object to the filing of the information concerning his prior conviction, and failure to object to the fact that defendant pled guilty to possessing 500 grams of cocaine, and was later charged in a presentence report with possession 3.5 kilograms of cocaine.

To succeed on such a claim, a petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984).

With regard to defendant's initial contention, the information was properly and timely filed, and its import and effect on defendant's potential sentence was fully known to the defendant. Similarly, the amount of drugs at issue was also set forth in the plea agreement and clarified with the defendant during the plea colloquy. (Dkt. #190-1 at 13-15). Defendant identifies no meritorious basis upon which defendant's counsel could or should have challenged these aspects of the plea and sentencing, and offers no explanation of how such objections could have altered the outcome of the proceeding. I find no evidence that defendant's counsel's performance fell below prevailing professional norms, or that counsel otherwise provided ineffective assistance.

For the foregoing reasons, the defendant's motion to vacate pursuant to 28 U.S.C. §2255 (Dkt. #183, appended at Dkt. #185) is in all respects denied. Furthermore, the Court denies a

certificate of appealability because defendant has failed to make a substantial showing of a constitutional violation.

    IT IS SO ORDERED.

                                                  _____
                                                    DAVID G. LARIMER
                                                United States District Judge

Dated: Rochester, New York
       February 9, 2015.